### J. A. JACKSON v. THE STATE.

No. 8628.  Delivered February 28, 1925.

Transporting Intoxicating Liquor—Witness—Refreshing Memory—By Contents of Letter—Properly Refused.

Where on a trial for transporting intoxicating liquor the court refused to permit a witness to refresh his memory from a letter, the writer and contents of which were not disclosed to the court, no error is shown, and the cause is affirmed.

Appeal from the District Court of Mitchell County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years.

The facts are these: An automobile in which the appellant and a companion were riding caught fire in the town of Colorado, in Mitchell County. A crowd of people gathered and put out the fire. The car was disabled. Both of the occupants disappeared. Appellant was identified as one of them. In the car were a number of five-gallon cans containing spirituous, and intoxicating liquor, namely, alcohol. Appellant testified that he had no interest in the automobile

99 Tex. Crim.—19.

or its contents; that he had gotten in the car at Big Springs, west of Colorado City, and was driving the car and aiding the owner in looking after it as a means of making his way from West Texas to Fort Worth; that he had no idea that the car contained alcohol. Appellant also testified that the owner of the car was one Portercheck, who resided in Tarrant County, Texas.

It appears from the bill of exceptions that Terry, the sheriff, of Mitchell County, testified that he had taken possession of the car of alcohol.

It seems from the bill that appellant sought to have Terry refresh his memory from a letter, and after so refreshing his memory, to tell the jury who owned the car, and that if he had been permitted to do so, the witness would have stated that the car was registered in the name of Portercheck. Explaining the bill, the court said that the appellant testified that the car was owned by Portercheck but was not permitted to corroborate his testimony "by the purported contents of a letter, the writer and contents of which were not made known to the court." With the qualifications stated, we are constrained to regard the bill as failing to show error.

The judgment is affirmed.

*Affirmed.*